UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICKI L. TUTOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV00173 AGF |
| | ) |
| ST. LOUIS UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for leave to conduct discovery. Plaintiff filed this action against her former employer, St. Louis University, as plan administrator of an employee benefits plan in which she was a participant; and against Standard Insurance Company (Standard), which insures the plan and acts as its claims administrator. Plaintiff claims that she was wrongfully denied long-term disability (LTD) benefits under the plan, in violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq.

## BACKGROUND

On March 18, 2005, Plaintiff filed a motion for summary judgment arguing that Standard's determination that Plaintiff's fibromyalgia was not disabling was arbitrary and capricious and an abuse of discretion. Plaintiff submitted the record that was before Standard in making its benefits determination, which included the medical records of three of Plaintiff's treating physicians and the reports of a non-examining independent consulting rheumatologist. Defendant responded to the motion for summary judgment on

April 7, 2005, and Plaintiff filed a reply on April 18, 2005. It is undisputed that Standard was both the insurer of the plan and the claims administrator, and that the plan gave Standard's predecessor as claims administrator (TIAA) the discretion to make benefits eligibility determinations.

Plaintiff filed the present motion on May 31, 2005. She seeks leave to conduct discovery for the following purposes:

> a. To determine any conflict of interest existing between Standard and Tutor;
>
> b. To determine the manner and extent to which any conflict of interest may have affected Standard in making the benefit decision at issue;
>
> c. To determine the roles of TIAA and Standard during Tutor's claims process;
>
> d. To determine whether Standard had any claims practices or procedures in place which governed the handling of Tutor's claim; [and]
>
> e. To determine the connection between any potential procedural irregularity and any potential conflict and the substantive decision reached by Standard denying LTD benefits to Tutor.

## **DISCUSSION**

Courts review a denial of benefits under an ERISA plan de novo unless, as here, the plan gives the administrator discretion to determine eligibility for benefits, in which case an abuse of discretion standard of review is used. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989); Woo v. Deluxe Corp., 144 F.3d 1157, 1160 (8th Cir. 1998). In conducting its review of the benefits determination, a court is limited to a review of the evidence that was before the administrator when the claim for benefits was denied. Farley v. Arkansas Blue Cross & Blue Shield, 147 F.3d 774, 777 (8th Cir. 1998).

Based on this limitation, as a general rule, courts do not allow the parties in ERISA cases to take additional discovery. Id. "[A]dditional evidence gathering is ruled out on deferential review, and discouraged on de novo review to ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators." Brown v. Seitz Foods, Inc., Disability Benefits Plan, 140 F.3d 1198, 1200 (8th Cir. 1998) (citation omitted). A court may consider additional evidence on de novo review where the plaintiff shows good cause to do so. Id.

The Eighth Circuit has held that where the administrator is given discretion to determine eligibility, a plaintiff may obtain a less deferential review of the denial of benefits by presenting "material, probative evidence demonstrating that (1) a palpable conflict of interest or a serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty to [plaintiff]." Woo, 144 F.3d at 1160-61. If this showing is made, the reviewing court gives less deference to the administrator's decision on a "sliding scale" in proportion to the seriousness of the conflict of interest or procedural irregularity. Id.; Barnhart v. UNUM Life Ins. Co. of Am., 179 F.3d 583, 587 (8th Cir. 1999).

The Eighth Circuit has noted that discovery for the purpose of establishing the correct standard would not violate the general prohibition on admitting evidence outside the administrative record. Farley, 147 F.3d at 776 n.4. The Court noted, however, that a palpable conflict of interest or serious procedural irregularity will ordinarily be apparent on the face of the administrative record and that thus the district court would "only rarely" need to permit discovery and supplementation of the record to establish these

facts. Id. Here, indeed, the fact that Standard was both the plan insurer and the disability decisionmaker is established on the face of the record. This dual role has been recognized as constituting a conflict of interest, however, not one that triggers a less deferential standard of review absent a showing that the conflict had a connection to the substantive decision reached. See Torres v. UNUM Life Ins. Co. of Am., 405 F.3d 670, 678-79 (8th Cir. 2005); Woo, 144 F.2d at 1161.

Plaintiff relies on a recent case from the Northern District of Iowa which allowed "limited" discovery on the question of whether the conflict presented by the plan insurer also being the claims administrator affected the substantive decision to deny Plaintiff benefits. See Galm v. Eaton Corp., 360 F.Supp.2d 978, 984-85 (N.D. Iowa 2005) (citing cases).[1] Plaintiff has not submitted proposed discovery it hopes to serve upon Standard and, indeed, the Court finds it difficult to understand what discovery might be encompassed by the Galm ruling. There is no hint in the case, for example, that Defendant did not fairly develop the medical record, or that the medical opinion upon which Defendant relied was somehow biased. Cf. Woo, 144 F.3d at 1160 (less deferential review applied where plaintiff showed that plan administrator which was also plan insurer breached its fiduciary duty to plaintiff by using only an in-house medical reviewer to review plaintiff's claims of disability). Nevertheless, the Court will afford Plaintiff the opportunity to propose appropriate discovery limited to the issue of whether Standard's role as insurer and claims administrator affected the decision to deny Plaintiff

---

[1] Plaintiff's current description of the discovery it seeks matches almost verbatim the discovery described in Galm.

benefits such that the standard of review of that decision should be less deferential than the abuse of discretion standard.  The Court notes that even under the abuse of discretion standard of review, Standard's acknowledged role as both insurer and benefits decisionmaker would be a factor the Court would weigh in its review of the decision to deny Plaintiff disability benefits.  See Firestone, 489 U.S. at 115.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for discovery [Doc. #17] is **GRANTED** to the extent that Plaintiff may propose limited discovery on the issue on whether Defendant Standard Insurance Company's conflict of interest affected its decision to deny Plaintiff benefits.  To the extent Plaintiff seeks any deposition testimony, she shall identify the proposed deponent(s) and specify the topics about which she would inquire.

**IT IS FURTHER ORDERED** that Plaintiff shall have up to and including July 29, 2005, to serve the proposed discovery upon Defendant Standard Insurance Company.  A copy shall also be filed with the Court when it is served upon Defendant.  Defendant shall not be required to respond to the discovery at this time, but rather shall have 20 days from the date of service to advise the Court of any objections to the scope

of the discovery propounded by Plaintiff. The Court cautions Plaintiff that her discovery requests must be narrowly tailored and not burdensome.

Dated this 13th day of July, 2005.

*[signature: Audrey G. Fleissig]*
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE